<200b>
<200b><200b></200b></200b><200b><200b><200b><200b></200b></200b></200b></200b><200b><200b><200b><200b><200b><200b><200b><200b></200b></200b></200b></200b></200b></200b></200b></200b>
<200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b></200b></200b></200b></200b></200b></200b></200b></200b></200b></200b></200b></200b></200b></200b></200b></200b>
<200b>

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEILA HENDERSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| J.C. PENNEY, CORP., INC, | : | NO. 08-177 |
| | : | |
| Defendant. | : | |

## MEMORANDUM

Jones, J.                                                                                         February 20, 2009

Plaintiff Sheila Henderson brings this action against Defendant J.C. Penney, Corp., Inc. ("J.C. Penney") for injuries allegedly sustained from a slip and fall in J.C. Penney's store ("Store") in the King of Prussia Mall, 160 N. Gulph Road, King of Prussia, Pennsylvania. On December 6, 2007, Plaintiff filed her Complaint in the Philadelphia County Court of Common Pleas, claiming negligence and carelessness.[1] J.C. Penney removed the action to this Court on January 9, 2008. Currently before the court is J.C. Penney's Motion for Summary Judgment (Doc. No. 15), Plaintiff's Response in Opposition thereto (Doc. No. 16), J.C. Penney's Supplemental Memorandum of Law (Doc. No. 18), and Plaintiff's Supplemental Memorandum

---

[1] Plaintiff's Complaint named five additional Defendants: J.C. Penney Company, Simon Property Group, Inc., Simon Property Group, L.P., Kravco Company, and Kravco Simon Company. The parties dismissed those five defendants by a January 7, 2008, Stipulation, which was approved by the Court of Common Pleas. The sole open Count of Plaintiff's Complaint is Count II, charging negligence against J.C. Penney Corporation, Inc.

of Law (Doc. No. 24). On September 9, 2008, the Honorable Paul S. Diamond, who previously presided over this case, held oral argument on the motion. For the reasons that follow, J.C. Penney's Motion for Summary Judgment is granted.

I.      **Factual Background**

The following facts are recited in a light most favorable to Plaintiff.

On December 10, 2005, Plaintiff, her daughter Dana Henderson, and their companions Theresa Anderson and Kendra Rowl went to the King of Prussia Mall to purchase Christmas presents. (Def.'s Mot for Summ. J., Ex. D, Sheila Henderson Dep. ("Sheila Henderson Dep.") 68.) The group entered the J.C. Penney Store in order access the mall. (Sheila Henderson Dep. 71.) The group was walking through the Juniors department of the Store, with Plaintiff behind the other three women, when Plaintiff slipped on a merchandise tag, fell to the ground, and suffered bodily injury. (Sheila Henderson Dep. 78-82; Compl. ¶¶ 12, 17.) Plaintiff slipped on only one tag, but after her fall she saw a total of three tags on the floor in that area. (Sheila Henderson Dep. 78, 82-83, 86, 102.) Each tag bore the brand name "Dockers" and was dark blue in color, contrasting with the cream-colored tile floor. (Sheila Henderson Dep. 78, 101-102.) Plaintiff does not know what caused the Docker's tags to be on the floor or how long they were on the floor prior to her fall. (Sheila Henderson Dep. 83, 103.) She did not look at the floor before she fell. (Sheila Henderson Dep. 75.) Docker's brand products were not displayed in the area where Plaintiff fell. (Def.'s Mot for Summ. J., Ex. G, Teri Moore Dep. ("Moore Dep.") 38.) The tag on which Plaintiff fell is the type which is inside men's wallets, which are located on a different floor of the Store from where Plaintiff fell. (Moore Dep. 38-39, 50-51; Def.'s Mot for

Summ. J., Ex. I, Atia Williams Dep. ("Williams Dep.") 22.)

No J.C. Penney Store employee had specific individual responsibility for monitoring the store floors, but all Store employees were responsible for monitoring and maintaining the store when they see spills, debris, or obstructions while they go about their regular duties. (Moore Dep. 11-12, 21, 57-58; Def.'s Supplemental Mem. in Support of Summ. J. ("Def.'s Supplement"), Ex. A, Teri Moore Dep. ("Moore Dep. Supp.") 22-23.) Store employees were instructed to pick up anything that may be a safety risk. (Williams Dep. 13.) This instruction was given on signs posted in the Store. (Def.'s Supplement, Ex. C, Atia Williams Dep. ("Williams Dep. Supp.") 12-13.) If a Store employee saw a spill on the floor, the employee would either remedy the problem herself or she would radio for help and stay at the problem site while she awaited a cleaning subcontractor who would clean up the spill. (Moore Dep. 12; Def.'s Mot for Summ. J., Ex. H, Chad Brierly Dep. 17.) The cleaning subcontractors, who work for a company called U.S.I., were responsible for walking the aisles of the Store at certain intervals to ensure there was no debris on the floor. (Moore Dep. Supp. 9-11.) At least one U.S.I. employee was scheduled to be at the Store throughout the day. (Moore Dep. Supp. 19.)

The floor in the area of Plaintiff's fall was not slippery, and the lighting was adequate (Sheila Henderson Dep. 75-76.) J.C. Penney employees walked through the area regularly – approximately every five to six minutes. (Moore Dep, 58-59.)

On December 10, 2005, one J.C. Penney employee, Ms. Williams, was working in the Juniors department. (Williams Dep. 13.) Like other Store employees, Ms. Williams was not assigned to inspect the aisles at any regular interval, but she was responsible for keeping the area clean as she went about her cashier duties. (Williams Dep. 16.) Ms. Williams did not see the

Docker's tag on the floor before Plaintiff fell. (Williams Dep. 22.) Ms. Williams testified that she could have seen the tag on the floor if nothing was obstructing her view, and she would have picked up the tag if she had seen it on the floor. (Williams Dep. 19, 32).

## II. Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). In order to defeat a motion for summary judgment, disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322-23. An issue is genuine if the fact finder could reasonably return a verdict in favor of the non-moving party with respect to that issue. Anderson, 477 U.S. at 248. In reviewing a motion for summary judgment, the court "does not make credibility determinations and must view facts and inferences in the light most favorable to the party opposing the motion." Seigel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1127 (3d Cir. 1995).

III.	**Discussion.**

    A.	Negligence and Premises Liability

Under Pennsylvania law, a claim for negligence requires proof of four elements: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another. Paliometros v. Loyola, 932 A.2d 128, 133 (Pa. Super. 2007). Plaintiff bears the burden to prove all four elements.

    B.	Duty of Care: Business Invitee

J.C. Penney was the possessor of the land on which Plaintiff allegedly sustained injuries. The duty of care that a possessor of land owes to an entrant upon the land depends on whether that person is a trespasser, licensee or invitee. Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983). It is undisputed that Plaintiff was a business invitee during the time she walked through the J.C. Penney Store. See Restatement (Second) of Torts § 332 (1965) (defining a business invitee as "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land").

Pennsylvania courts have adopted the Second Restatement of Torts to determine the duty owed by a possessor of land to a person on that land. See Kirschbaum v. WRGSB Assocs., 243 F.3d 145, 152 (3d Cir. 2001) (citing Carrender, 469 A.2d at 123); Farabaugh v. Pa. Tpk. Comm'n, 911 A.2d 1264, 1272 (Pa. 2006). A possessor of land owes the following duty to a business invitee:

> A possessor of land is subject to liability for physical harm caused

       to his invitees by a condition on the land if, but only if, he

> a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (1965); Carrender, 469 A.2d at 123. In short, "[p]ossessors of land owe a duty to protect invitees from foreseeable harm." Carrender, 469 A.2d at 123.

"[T]he mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence." Moultrey v. Great Atl. & Pac. Tea Co., 422 A.2d 593, 596 (Pa. Super. 1980). In order to show negligence, a plaintiff must prove that the defendant had a hand in creating the hazardous condition or had actual or constructive notice of it. Moultrey, 422 A.2d at 596; Estate of Swift v. Ne. Hosp. of Phila., 690 A.2d 719, 722 (Pa. Super. 1997).

    C.    Constructive Notice

Plaintiff does not allege that J.C. Penney had actual notice of the merchandise tag that she slipped on. (Sheila Henderson Dep. 83.) In this case, the sole issue in J.C. Penney's Motion for Summary Judgment is whether J.C. Penney had constructive notice of the dangerous condition that lead to Plaintiff's alleged injury.

Constructive notice occurs when "the condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it." Dugan v. Home Depot, No.

07-1526, 2008 WL 1869280, *3 (E.D.Pa. 2008) (quoting Moultrey, 422 A.2d at 496). "Constructive notice requires that the dangerous condition be apparent upon reasonable inspection. Com. Dept. of Transp. v. Patton, 686 A.2d 1302, 1304 (Pa. 1997). To determine constructive notice, courts rely on several factors, including "the time elapsing between the origin of the defect and the accident, the size and physical condition of the premises, the nature of the business conducted thereon, the number of persons using the premises and the frequency of such use, the nature of the defect and its location on the premises, its probable cause and the opportunity which defendant, as a reasonably prudent person, had to remedy it." Bremer v. W. W. Smith, Inc., 191 A. 395, 397 (Pa. Super. 1937) (citation omitted).

"The question whether a landowner had constructive notice of a dangerous condition and thus should have known of the defect, i.e., the defect was apparent upon reasonable inspection, is a question of fact. As such, it is a question for the jury, and may be decided by the court only when reasonable minds could not differ as to the conclusion. If there is any dispute created by the evidence, the court is not permitted to decide the issue." Com. Dept. of Transp. v. Patton, 686 A.2d at 1304 (citing Carrender v. Fitterer, 469 A.2d at 124).

"[O]ne of the most important factors to be taken into consideration is the time elapsing between the origin of the defect or hazardous condition and the accident." Neve v. Insalaco's, 771 A.2d 786, 791 (Pa. Super. 2001) (citation omitted). In order to establish constructive notice, a plaintiff must "show that the defect existed for such a period of time that it could have been discovered and corrected through the exercise of reasonable care." Murray v. Siegal, 195 A.2d 790, 792 (Pa. 1963) (citations omitted). This evidentiary requirement is overwhelmingly clear in Pennsylvania law. See Estate of Swift, 690 A.2d at 722-23 (affirming grant of summary

judgment where evidence showed that water was spilled but not how long the hazardous condition existed prior to the plaintiff's accident); Moultrey, 422 A.2d at 596-97 (affirming a grant of a compulsory non-suit to defendant because plaintiff, who had slipped on a cherry on the floor of defendant's store, failed to provide any evidence of how long the cherry had been on the floor, how it got there, and when the area had last been cleaned); Read v. Sam's Club, No. 05-170, 2005 WL 2346112, at *4 (E.D.Pa. Sept. 23, 2005) ("plaintiff has failed to put forth any evidence as to the origin of the spill or as to how long the spill was on the floor prior to plaintiff's accident. These evidentiary deficiencies are fatal to plaintiff's claim under § 343 of the Restatement (Second) of Torts."); Flocco v. Super Fresh Markets, No. 98-902, 1998 WL 961971, at *2-3 (E.D.Pa. Dec. 29, 1998) (granting summary judgment for defendant where plaintiff failed to produce evidence of how long the gravy upon which plaintiff fell was on the floor); Clark v. Fuchs, No. 93-1422, 1994 WL 13847, at *3 (E.D.Pa. Jan.14, 1994) (granting summary judgment for defendant where plaintiff failed to present evidence of how long the paper upon which plaintiff slipped was on the stairs). "The duration of the hazard is important because if a hazard only existed for a very short period of time before causing any injury, then the possessor of the land, even 'by the exercise of reasonable care,' would not discover the hazard, and thus would owe no duty to protect invitees from such a hazard." Craig v. Franklin Mills Assocs, 555 F. Supp. 2d 547, 550 (E.D.Pa. 2008) (quoting Restatement (Second) of Torts § 343).

      Here, Plaintiff has presented no evidence of how long the Dockers tag was on the floor prior to her fall. (See, e.g., Pl.'s Supplemental Mem. in Resp. to Def.'s Mot. for Summ. J. ("Pl.'s Supplement") 5 ("Plaintiff has not and cannot prove the duration of time the Dockers tag was on the floor of the store.").) Therefore, the evidence in the record is insufficient to justify the

submission of the question of constructive notice to a jury. See Bremer, 191 A. at 412-13. "[T]he jury cannot be permitted to render a verdict based on 'conjecture, guess or suspicion,' and the determination must be made by the Court. Craig, 555 F. Supp. 2d at 554 (quoting Lanni v. Pa. R.R. Co., 88 A.2d 887, 889 (Pa. 1952)). A jury could only guess how long the hazardous condition caused by the Dockers tag existed before Plaintiff fell. Craig, 555 F. Supp. 2d at 554. Plaintiff has not presented sufficient evidence to sustain her negligence claim against J.C. Penney.

As an aside, Plaintiff argues that constructive notice is not necessary where a defendant has failed to perform reasonable inspections. (Pl.'s Supplement 4-5 ("The Superior Court of Pennsylvania has set forth a distinction that actual or constructive notice of a defect is not necessary when a defendant has failed to make reasonable inspection.").) To support this argument, Plaintiff primarily relies on Pa. Liquor Control Bd. v. City of Phila., 333 A.2d 497 (Pa. Cmwlth. 1975), in which the Pennsylvania Commonwealth Court wrote the following:

> The liability of a water distributor in Pennsylvania for damages
> which result from water escaping from a broken main is
> determined generally by the rules governing negligence. The
> plaintiff may, for instance, recover if damages have resulted from
> the defendant's faulty or negligent construction of the line, from
> the defendant's failure to repair a leaking line after actual or
> constructive notice, or from the defendant's failure to conduct
> reasonably careful inspections from time to time.

Id. at 498 (citations omitted). Plaintiff also relies on Morgan v. Duquesne Borough, 29 Pa. Super. 100 (1905), and Abraham v. Yardun, 64 Pa. Super. 225 (1915), to support her contention that actual or constructive notice is not required in her case. The Court finds these cases are inapposite. Each of the cases is an action in trespass that arises from a defendant's alleged

failure to inspect a water main that broke and caused flood damage to a business. Plaintiff's case cannot be reviewed under the same standards as those trespass actions. Numerous Pennsylvania cases, several of which this Court has already discussed, set forth a clear standard for business invitees who seek to hold a possessor of land liable for injuries caused by a transitory hazard. Those cases require the plaintiff to demonstrate actual or constructive notice. Plaintiff has not done so here.

## IV.   Conclusion

The Court finds that no genuine issue of material fact exists and J.C. Penney is entitled to judgment as a matter of law because Plaintiff has failed to present evidence that J.C. Penney had actual or constructive notice of the Dockers tag on the floor of the J.C. Penney Store prior to Plaintiff's fall.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEILA HENDERSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 08-177 |
| J.C. PENNEY, CORP., INC, | : | |
| | : | |
| Defendant. | : | |

FILED
FEB 20 2009
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

ORDER

AND NOW, this 20th day of February, 2009, upon consideration of Defendant J.C. Penney, Corp., Inc.'s ("J.C. Penney") Motion for Summary Judgment (Doc. No. 15), Plaintiff Sheila Henderson's Response in Opposition thereto (Doc. No. 16), J.C. Penney's Supplemental Memorandum of Law (Doc. No. 18), Plaintiff's Supplemental Memorandum of Law (Doc. No. 24), and the Oral Argument held before the Honorable Paul S. Diamond on September 9, 2008 (Doc. No. 26), it is hereby ORDERED that J.C. Penney's Motion is GRANTED and Judgment is entered in favor of J.C. Penney and against Plaintiff on Count II of the Complaint for the reasons set forth in the accompanying memorandum. It is FURTHER ORDERED that Plaintiff's claims against J.C. Penney are hereby DISMISSED WITH PREJUDICE and that the Clerk of Court shall close the above-captioned matter for all purposes.

ENTERED
FEB 23 2009
CLERK OF COURT

BY THE COURT:

_C. Darnell Jones_
C. DARNELL JONES II, J.

2/23/09 mail:
A geldings